UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| WILLIAM E. BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>N8 MEDICAL, INC.,<br><br>    Defendant. | Case No. 22-cv-02857-CRB (RMI)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 73 |

Now pending before the court is a discovery dispute through which Plaintiff seeks to compel a number of document requests (Request Nos. 2-6, and 15-19) and interrogatory responses (Interrogatory Nos. 3, 4, 7-9, 10, 13, and 15-20). Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument. For the reasons stated below, Plaintiff's request to compel the production and responses at issue is granted.

In 2020, while evaluating an equity investment in Defendant N8 Medical Inc., Plaintiff loaned money to Defendant pursuant to two promissory notes. See Ltr. Br. (dkt. 73) at 1. When Defendant reportedly failed to pay the principal and interest due on the notes, Plaintiff filed this action. *Id*. In response, Defendant asserted counterclaims alleging that Plaintiff breached a 2018 non-disclosure agreement ("NDA") and misappropriated Defendant's trade secrets in connection with attempting to acquire a certain portfolio of patents. *Id*. Plaintiff served this discovery in February of 2024, and while discovery has since closed on July 26, 2024, Defendant has not tendered the discovery in question. *Id*.

The undersigned has reviewed Plaintiff's submission, and the discovery in question is

1 unquestionably relevant to the claims, counterclaims, and defenses in this case, and it appears to
2 be proportional to the needs of the case. *See id*. at 1-3, 7-13, 15-18, 20-23, 25-30. The undersigned
3 has also carefully reviewed Defendant's responses and objections. *See id*. at 3-4 (general
4 objections to jurisdiction), 34-36 (objections to interrogatories). As to the requests for production,
5 Defendant contends that "[b]ecause the NDA provides that the Ohio courts have exclusive
6 jurisdiction over disputes related to the NDA, Defendant submits that all discovery related to that
7 document should be conducted in the [subsequently-filed] Ohio case rather than in this Court." *Id*.
8 at 3-4. Having argued that its counterclaims are compulsory, Defendant previously moved for this
9 case to be transferred to the Southern District of Ohio (given that, in executing the NDA, the
10 Parties agreed that disputes thereunder would be litigated in the federal and state courts of Ohio) –
11 however, Judge Breyer denied Defendant's request to transfer this case. *See* Order of July 28,
12 2022 (dkt. 35) at 1-8. Defendant – while still not having dismissed its counterclaims *in this court* –
13 maintains that because it "has now filed suit for damages resulting from Plaintiff's [alleged]
14 breach of the NDA and related misappropriation of N8's trade secrets and business information [in
15 Ohio] . . . that all discovery related to that document should be conducted in the Ohio case rather
16 than in this Court." *See* Ltr. Br. (dkt. 73) at 3-4.

17 However, Defendant cannot have it both ways. That is, Defendant cannot maintain
18 counterclaims *in this court*, alleging breach of the NDA and misappropriation of trade secrets, and
19 resist discovery thereunder simply because it has chosen to file another action mirroring those
20 claims in another court. Defendant must either abandon its counterclaims to that effect, or it must
21 tender discovery thereunder. The undersigned rejects Defendant's suggestion that Plaintiff should
22 face those counterclaims in this court without being able to take discovery in the usual course in
23 defending against them.

24 Further, in the past, Defendant has also objected to producing certain information and
25 tendering certain responses based on an assertion that some of the information sought is
26 confidential and/or trade secrets. *See id*. at 34-36. However, in response to Plaintiff's argument
27 that such concerns can be adequately addressed by the protective order currently in place in this
28 case, Defendant now states that "[a]s to objections relating to trade secrets, N8 is aware of the

1   protective order in this case and would be willing to withdraw its objections following reasonable

2   discussion with counsel about which produced information and/or interrogatory responses should

3   be designated attorneys' eyes only." *Id*. at 4.

4       Accordingly, the court rules as follows: (1) Defendant's objections are **OVERRULED**; (2)

5   Plaintiff's request for an order compelling the production of documents in response to Request

6   Nos. 2-6, and 15-19 is **GRANTED**; and, (3) Plaintiff's request for an order compelling answers to

7   Interrogatory Nos. 3, 4, 7-9, 10, 13, and 15-20 is **GRANTED**. To the extent that Defendant's

8   counsel suggests that it necessary to meet with Plaintiff's counsel regarding decisions about which

9   discovery should be designated attorneys' eyes only, the Parties are **ORDERED** to promptly meet

10  and confer such that the discovery ordered to be produced herein shall be tendered without any

11  further delay.

12      **IT IS SO ORDERED.**

13  Dated: September 10, 2024

                                                    ROBERT M. ILLMAN
                                                    United States Magistrate Judge